# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMOUNT DIVISION

| | |
|---|---|
| THE DUTRA GROUP,<br><br>    Plaintiff,<br><br>        v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, WILLIAM B. COWEN, in his official capacity as the Acting General Counsel of the National Labor Relations Board, MARVIN E. KAPLAN, in his official capacity as the Chairman of the National Labor Relations Board, DAVID M. PROUTY, in his official capacity as Board Members of the National Labor Relations Board, JILL H. COFFMAN, in her official capacity as a Regional Director for the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>    Defendants. | Civil Action No. 25-_____ |

## DECLARATION OF ANDREW I. HERMAN
## IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR
## A TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

Pursuant to 28 U.S.C. § 1746, I, Harry Stewart, declare as follows:

1. My name is Andrew I. Herman. I am over 18 years of age and of sound mind.

2. I am Of Counsel at Blank Rome LLP.

3. Blank Rome LLP was retained by, and I represent, The Dutra Group, Inc. ("Dutra") in the underlying National Labor Relations Board ("NLRB") administrative proceedings and in the instant proceeding.

4. Beginning in July 2023, the International Organization of Masters, Mates & Pilots ("MM&P") filed a series of charges and amended charges with the NLRB alleging Dutra engaged in unfair labor practices in violations of the National Labor Relations Act ("NLRA").

5. On August 1, 2024, in response to a request for evidence letter from the NLRB, Dutra submitted a position statement and supporting documentation refuting MM&P's allegations.

6. On August 29, 2024, the Board agent investigating the MM&P's allegations notified Dutra that the case had been submitted to the NLRB's Division of Advice ("Division of Advice").

7. On November 18, 2024, Dutra was notified that the Division of Advice had directed the Region to issue a complaint against Dutra.

8. On December 20, 2024, on behalf of the General Counsel for the NLRB, Regional Director Jill H. Coffman issued a Complaint and Notice of Hearing alleging Dutra engaged in unfair labor practices in violation of the NLRA. The Notice of Hearing provides that a hearing will be conducted before an ALJ of the NLRB on July 8, 2025, and on consecutive days thereafter.

9. The NLRB Complaint alleges, among other things, that MM&P is the exclusive collective-bargaining representative under Section 9(a) of the NLRA for a unit of employees which included boat operators servicing a dredge named the *Columbia* and other dredges. The NLRB

Complaint claims that Dutra engaged in unfair labor practices in violation of the NLRA when it allegedly laid off the boat operators in the unit, refused to bargain with and withdrew recognition of MM&P as their exclusive collective-bargaining representative, and granted recognition to the International Union of Operating Engineers ("Operating Engineers") and transferred the boat operators work to employees represented by the Operating Engineers.

10. Dutra filed its Answer and Affirmative Defenses to the NLRB Complaint on January 17, 2025.

11. On February 6, 2025, Coffman issued an order and notice for the deposition of a witness to be conducted on February 28, 2025, at 9:00 a.m., via videoconference before a Field Attorney designated as Coffman's representative and a court reporter. Coffman issued that order after receipt of an application filed by the same Field Attorney requesting to take the deposition.

12. On February 20, 2025, Dutra filed a motion to vacate Coffman's order or, in the alternative, to suppress the deposition. Dutra's motion was made on the following grounds: (a) Coffman, as a Regional Director of the NLRB, lacked statutory authority to issue her order in the absence of a quorum of members of the Board; (b) the order furthered the unconstitutional nature of the NLRBs procedures and proceedings; (c) the order was based upon an application to take a deposition that failed to comply with the requirements of Section 102.30 of the NLRB's Rules and Regulations. In concluding its motion, Dutra stated:

> Even if those statutory and constitutional grounds for granting the motion are set aside (which they should not be), at a minimum, the [February 6] Order should be vacated for the Application's failure to comply with the requirements of Section 102.30 of the Board's Rules and Regulations. While those deficiencies can be remedied by the General Counsel, Charging Party, or [the witness] himself filing a proper application, the specific requirements of Section 102.30 cannot be ignored. As a rarely-granted exception to prehearing discovery that is not ordinarily allowed in Board proceedings, the Board established procedures specifying the requirements and standards to obtain depositions. Those requirements and standards were not met.

13. On February 25, 2025, last night, Coffman issued an order to withdrawal her February 6 order. In relevant part, it states: "At the request of both parties, I am hereby withdrawing my Order Granting Request To Take A Deposition."

14. Promptly upon receipt of Coffman's February 25 order, Dutra sought assurances from the Region, Field Attorney, and MM&P that there is no intent to file a new application to take the deposition that had been previously ordered by Coffman. Dutra also sought confirmation from Coffman that, if a new application were to be filed, it would be subject to the requirements of Section 102.30 of the NLRB's Rules and Regulations, including, without limitation, that the application must be served not less than 7 days prior to the time when it is desired that the deposition be taken.

15. Because Coffman's February 25 order did not grant Dutra's motion (or rule on the grounds set forth therein regarding her lack of statutory authority without a quorum of Board members or a deposition furthering the unconstitutional nature of the NLRB proceedings), it does not foreclose the threat that another order for the taking of a deposition might be issued upon another application being filed.

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 26, 2025                Signature: _____