# EXHIBIT C

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 20**

**THE DUTRA GROUP**

      **Respondent**

    **and**                                   **Case 20-CA-335452**

**INTERNATIONAL ORGANIZATION OF**
**MASTERS, MATES & PILOTS**

      **Charging Party**

    **and**

**INTERNATIONAL UNION OF**
**OPERATING ENGINEERS, LOCAL 25**

      **Party in Interest**

## COMPLAINT AND NOTICE OF HEARING

This Complaint and Notice of Hearing is based on a charge filed by International Organization of Masters, Mates & Pilots (Union). It is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Rules and Regulations of the National Labor Relations Board (the Board) and alleges that The Dutra Group (Respondent) has violated the Act as described below.

1.      (a)      The charge in this proceeding was filed by the Union on February 8, 2024, and a copy was served on Respondent by U.S. mail on February 9, 2024.

           (b)      The first-amended charge in this proceeding was filed by the Union on March 5, 2024, and a copy was served on Respondent by U.S. mail on March 6, 2024.

           (c)      The second-amended charge in this proceeding was filed by the Union on April 5, 2024, and a copy was served on Respondent by U.S. mail on April 5, 2024.

Complaint and Notice of Hearing
The Dutra Group, Case 20-CA-335452

2.    (a)    At all material times, Respondent has been a California corporation with an office and place of business located in San Rafael, California, and has been engaged in the business of marine dredging.

(b)    During the calendar year ending December 31, 2023, Respondent, in conducting its business operations described above in subparagraph 2(a), performed services valued in excess of $50,000 in states other than the State of California.

3.    At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

4.    (a)    In about 2009, Respondent purchased the business of Trinity Management Group (Trinity), and since then has continued to operate the business of Trinity in basically unchanged form, and following the purchase employed as a majority of its employees individuals who were previously employees of Trinity.

(b)    Based on its operations described above in subparagraph 4(a), Respondent has continued the employing entity and is a successor to Trinity.

5.    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

6.    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

| | | |
|---|---|---|
| Bill Dutra | - | Executive Chairman of the Board of Directors |
| Harry Stewart | - | President and Chief Executive Officer |
| Danny Myers | - | Office Manager |

7.      (a)    In about 1988, a majority of the crew for the dredge then named the *Columbus* designated the Union as their exclusive collective-bargaining representative.

(b)    In about 1988, Trinity, the owner of the dredge then called the *Columbus,* recognized the Union as the exclusive collective-bargaining representative of the dredge's crew based upon the majority support described in subparagraph 7(a).

(c)    The dredge called the *Columbus* was later renamed *Columbia*.

(d)    Sometime between 1988 and 1997, the Union and Trinity modified the bargaining unit by including Boat Operators as a job classification covered by the collective-bargaining agreement.

(e)    The following employees of Respondent (the Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> Employees covered by the terms of the collective bargaining agreement between Respondent and the Union effective April 1, 2021, to March 31, 2024.

(f)    Since about 2009 and at all material times, Respondent has recognized the Union as the exclusive collective-bargaining representative of the Unit which included Boat Operators servicing the *Columbia* and other dredges.  This recognition has been embodied in successive collective-bargaining agreements, the most recent of which was effective from April 1, 2021, to March 31, 2024.

(g)    At all times since about 1988, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

8.      (a)    About December 20, 2023, Respondent permanently laid off three Unit

Boat Operators.

(b)     About January 8, 2024, the Union, by letter, requested that Respondent bargain collectively with it to negotiate a successor collective-bargaining agreement.

(c)     Since about January 31, 2024, Respondent has failed and refused to bargain with the Union as the exclusive collective-bargaining representative of the Unit.

(d)     About January 31, 2024, Respondent withdrew its recognition of the Union as the exclusive collective-bargaining representative of the Unit.

(e)     About February 9, 2024, Respondent permanently laid off the remaining three Unit Boat Operators.

(f)     About mid-February 2024, Respondent granted recognition to the International Union of Operating Engineers, Local 25 (Operating Engineers) as the exclusive collective-bargaining representative of the Unit.

(g)     About mid-February 2024, Respondent transferred the Unit work of the Unit Boat Operators to employees represented by the Operating Engineers.

(h)     Since about February 2024, Respondent has encouraged its laid-off Unit Boat Operators to join the Operating Engineers.

9.     Respondent engaged in the conduct described above in subparagraphs 8(f)-(h) even though the Operating Engineers did not represent an uncoerced majority of the Unit.

10.     Respondent engaged in the conduct described above in subparagraphs 8(a), 8(e), and 8(g) because the Unit Boat Operators joined the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

11.    (a)    The subjects set forth above in subparagraphs 8(a), 8(e), and 8(g) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(b)    Respondent engaged in the conduct described above in subparagraphs 8(a), 8(e), and 8(g) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct and the effects of this conduct.

12.    By the conduct described above in subparagraphs 8(f)-(h) and paragraph 9, Respondent has dominated and interfered with the administration of, and has been rendering unlawful assistance and support to, a labor organization in violation of Section 8(a)(1) and (2) of the Act.

13.    By the conduct described above in subparagraphs 8(a), 8(e), and 8(g) and paragraph 10, Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in one labor organization and encouraging membership in another labor organization in violation of Section 8(a)(1) and (3) of the Act.

14.    By the conduct described above in subparagraphs 8(a), 8(c)-(e) and 8(g) and paragraph 10, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

15.    The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

## REMEDIES

**WHEREFORE**, as part of the remedy for Respondent's unfair labor practices alleged above, the General Counsel seeks an Order requiring Respondent to take the following affirmative action.

(a)      Recognize and, upon request, bargain with the Union as the exclusive collective-bargaining representative of the Unit concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement.

(b)      Rescind the unilateral changes alleged in subparagraphs 8(a), 8(e), and 8(g) and make whole all Unit employees affected by the changes.

(c)      Make the Unit employees whole for the lost opportunity to engage in collective bargaining for a successor contract at the time and in the manner they were entitled to under the Act.

(d)      Withdraw recognition from International Union of Operating Engineers Local 25 as the exclusive collective-bargaining representative of our Unit employees.

(e)      Reimburse with interest all present and former Unit employees for all initiation dues and other moneys paid by them to, or withheld from them by, International Union of Operating Engineers Local 25 pursuant to the terms of the dues check-off and union security clauses of the Operating Engineers Local 25 collective-bargaining agreement.

Further, the General Counsel seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the complaint.  The answer must be **received by this**

**office on or before January 3, 2025.**  Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website.  To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions.  Responsibility for the receipt and usability of the answer rests exclusively upon the sender.  Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason.  The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21.  If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office.  However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.  Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The answer may not be filed by facsimile transmission.

If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the complaint are true.

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE THAT on **July 8, 2025, at 9:00 a.m. Pacific Time via Zoom for Government**, and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board.  At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  December 20, 2024

JILL H. COFFMAN
REGIONAL DIRECTOR, REGION 20
NATIONAL LABOR RELATIONS BOARD
450 Golden Gate Avenue
3rd Floor, Suite 3112
San Francisco, CA 94102

Attachments

FORM NLRB 4338
(6-90)

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Case 20-CA-335452

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties.  On the contrary, it is the policy of this office to encourage voluntary adjustments.  The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.  However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated.  Postponements *will not be granted* unless good and sufficient grounds are shown *and* the following requirements are met:

(1)  The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2)  Grounds must be set forth in ***detail***;

(3)  Alternative dates for any rescheduled hearing must be given;

(4)  The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5)  Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Harry K. Stewart, President and Chief
  Executive Officer
The Dutra Group
2350 Kerner Blvd., Suite 200
San Rafael, CA 94901

Andrew Herman, Attorney
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

Gabriel Terrasa
International Organization of Masters, Mates
  & Pilots
700 Maritime Boulevard, Suite B
Linthicum Heights, MD 21090

Jason Wojciechowski, Esq., Outside Counsel
Bush Gottlieb, ALC
801 N. Brand Blvd., Suite 950
Glendale, CA 91203

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law.  **You may be represented at this hearing by an attorney or other representative.**  If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible.  A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations.  The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently.  To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts.  You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**.  The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.    BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations.  In addition, you should be aware of the following:

- **Special Needs:** If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance.  Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:**  One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents.  This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference.  You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.    DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations.  Please note in particular the following:

- **Witnesses and Evidence**:  At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits:  Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered in evidence.**  If a copy of any exhibit is not available when the original is received, it will be the responsibility

(OVER)

Form NLRB-4668
(6-2014)

of the party offering such exhibit to submit the copy to the ALJ before the close of hearing.  If a copy is not submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**:  An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation.  Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval.  Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion.  If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument**:  You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing.  Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**:  Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ.  The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.    AFTER THE HEARING

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations.  Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:**  If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred.  You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request.  You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:**  In due course, the ALJ will prepare and file with the Board a decision in this matter.  Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision.  The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**:  The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections.  A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.