# EXHIBIT G



**United States Government**
**NATIONAL LABOR RELATIONS BOARD**
**Office of the General Counsel**

WASHINGTON, D.C. 20570

February 3, 2025

**BY CM/ECF TO ALL PARTIES**
Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130-3408

      RE:   *Space Exploration Technologies Corp. v. NLRB*,
               Consolidated Case No. 24-50627, et al.

Dear Mr. Cayce:

      We write to inform the court of relevant factual developments in these consolidated cases. Last week, the President removed Gwynne A. Wilcox from her position as Member of the National Labor Relations Board. The attached letter from the President communicating the removal states that Board members may be removed "with or without statutory cause," notwithstanding the limits set forth in Section 3(a) of the National Labor Relations Act.

      In addition to its effect on former Member Wilcox's personal participation in Board decisionmaking, this removal also had the effect of causing the number of sitting Board Members to fall from three to two. *See* https://www.nlrb.gov/about-nlrb/who-we-are/the-board (last visited Feb. 3, 2025). Pursuant to Section 3(b) of the Act, the Board now lacks a quorum of members to review ALJ-recommended findings and orders in the underlying unfair-labor-practice proceedings at issue in these consolidated cases.

      The Court should also be made aware that the NLRB has a newly appointed Acting General Counsel. *See* https://www.nlrb.gov/news-outreach/news-story/president-trump-appoints-willam-b-cowen-acting-general-counsel-of-the (last visited Feb. 3, 2025). In light of these executive actions, Board counsel is not in a position to address the Board-member-removability arguments raised in the government's briefs. For purposes of oral argument, therefore, counsel for the NLRB will limit his presentation on this issue to the other grounds briefed as

Case 1:25-cv-00627AC  Document 17-1  Filed 02/26/25  Date Filed: 02/03/2025  ID #: 82

Lyle W. Cayce
February 3, 2025
Page 2

warranting reversal of the injunctions below, i.e. lack of subject-matter jurisdiction by effect of the Norris-LaGuardia Act, lack of causal harm, lack of irreparable harm, and balancing of the equities.

    Respectfully submitted,

    Nancy E. Kessler Platt
    *Associate General Counsel*

    Dawn L. Goldstein
    *Deputy Associate General Counsel*

    Kevin P. Flanagan
    *Deputy Assistant General Counsel*

    Paul A. Thomas
    *Supervisory Attorney*

    <u>/s/ David P. Boehm</u>
    David P. Boehm
    *Trial Attorney*
    Tel: (202) 273-4202
    Fax: (202) 273-4244
    National Labor Relations Board
    Contempt, Compliance, and Special Litigation Branch
    1015 Half Street, SE, 4th Floor
    Washington, D.C. 20570

Attachment

| From: | Morse, Trent M. EOP/WHO [ 6 ]@who.eop.gov] |
|---|---|
| Sent: | 1/28/2025 3:38:24 AM |
| To: | jennifer.abruzzo@nlrb.gov; gwynne.wilcox@nlrb.gov |
| CC: | Gor, Sergio N. EOP/WHO [ 6 ]@who.eop.gov] |
| Subject: | [EXTERNAL] Notification from PPO RE: NLRB |

Gwynne and Jennifer,

On behalf of President Donald J. Trump, please see the letter below.

Trent Morse
Deputy Director
Office of Presidential Personnel


    Article II of the U.S. Constitution vests the entire executive power in a single President, who alone is accountable to the people. Pursuant to my constitutional duty to "take Care that the Laws be faithfully executed," U.S. Const. Art. II, §3, I must ensure that those who wield executive power on my behalf are held accountable. Of particular importance, heads of agencies within the Executive Branch must share the objectives of my administration and its commitment to serving the will of the American people.

    In my judgment, the National Labor Relations Board is not presently fulfilling its responsibility to the American people. The NLRB wields immense executive power over private employment relationships and relations with unions—an area with vast economic consequences.

    The aims and purposes of the Administration with respect to the work on the Board can be carried out most effectively with personnel of my own selection. To that end, effective as of this date, Gwynne A. Wilcox and Jennifer Abruzzo are hereby removed from the office of Members of the National Labor Relations Board.[1]

    In addition, these two Board Members have not, in my judgment, been operating in a manner consistent with the objectives of my administration. In my judgment, Members Wilcox and General Counsel Abruzzo have adopted a host of decisions that have improperly cabined employers' rights to speak on the subject of unionization, raising serious First Amendment concerns about the censorship of important

---

[1] While the National Labor Relations Act purports to limit removal of Board members to "neglect of duty or malfeasance in office, but for no other cause," 29 U.S.C. § 153(a), this limitation is inconsistent with the vesting of the executive Power in the President and his constitutional duty to take care that the laws are faithfully executed and thus does not operate as a restriction on my ability to remove Board members. U.S. Const., Art. II, § 1, cl. 1; *id*. at § 3. "[A]s a general matter,' the Constitution gives the President 'the authority to remove those who assist him in carrying out his duties.'" *Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197, 204 (2020) (quoting *Free Enterprise Fund v. Public Company Accounting Oversight Bd.*, 561 U.S. 477, 513-514 (2010)). There are two recognized exceptions: one for certain inferior officers and one for "a multimember body of experts, balanced along partisan lines, that performed legislative and judicial functions and was said not to exercise any executive power." *Id*. at 216. Board members have broad policy making responsibilities and thus are not inferior officers. *See* 29 U.S.C § 160(a); *Seila Law LLC*, 591 U.S. at 219. Moreover, while the NLRB is a multimember board, it is not "balanced along partisan lines." Finally, and most importantly, the Board exercises core executive powers. To wit, the Board has authority to promulgate binding regulations (*see* 29 U.S.C. § 159; *Seila Law LLC*, 591 U.S. at 218; pursue enforcement actions in federal court (*see* 29 USC 160(e); *Seila Law LLC*, 591 U.S. at 219); and unilaterally issue final decisions awarding equitable relief in administrative adjudications (*see* 29 USC 160(c)); *Seila Law LLC*, 591 U.S. at 219). Since neither exception applies to members of the NLRB, you are removable with or without statutory cause by the President.

speech. Several such decisions were issued on the eve of the new Administration. They have also issued decisions that, in my judgment, have vastly exceeded the bounds of the National Labor Relations Act. To take just one example, they supported a new joint employer rule—a rule that courts then invalidated and the Board seemingly acknowledged could not go forward.

Viewing their record collectively, I lack confidence that Commissioners Wilcox and General Counsel Abruzzo can fairly evaluate matters before them without unduly disfavoring the interests of employers large and small. The country is eager to get to work, revitalize our economy, and operate under clear, predictable rules that are fair to employers, unions, and employees alike. I lack confidence that Commissioners Wilcox and General Counsel Abruzzo will faithfully execute those objectives.

[1] While the National Labor Relations Act purports to limit removal of Board members to "neglect of duty or malfeasance in office, but for no other cause," 29 U.S.C. § 153(a), this limitation is inconsistent with the vesting of the executive Power in the President and his constitutional duty to take care that the laws are faithfully executed and thus does not operate as a restriction on my ability to remove Board members. U.S. Const., Art. II, § 1, cl. 1; *id*. at § 3. "[A]s a general matter,' the Constitution gives the President 'the authority to remove those who assist him in carrying out his duties.'" *Seila Law LLC v. Consumer Financial Protection Bureau*, 591 U.S. 197, 204 (2020) (quoting *Free Enterprise Fund v. Public Company Accounting Oversight Bd.*, 561 U.S. 477, 513-514 (2010)). There are two recognized exceptions: one for certain inferior officers and one for "a multimember body of experts, balanced along partisan lines, that performed legislative and judicial functions and was said not to exercise any executive power." *Id*. at 216. Board members have broad policy making responsibilities and thus are not inferior officers. *See* 29 U.S.C § 160(a); *Seila Law LLC*, 591 U.S. at 219. Moreover, while the NLRB is a multimember board, it is not "balanced along partisan lines." Finally, and most importantly, the Board exercises core executive powers. To wit, the Board has authority to promulgate binding regulations (*see* 29 U.S.C. § 159; *Seila Law LLC*, 591 U.S. at 218; pursue enforcement actions in federal court (*see* 29 USC 160(e); *Seila Law LLC*, 591 U.S. at 219); and unilaterally issue final decisions awarding equitable relief in administrative adjudications (*see* 29 USC 160(c)); *Seila Law LLC*, 591 U.S. at 219). Since neither exception applies to members of the NLRB, you are removable with or without statutory cause by the President.