UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| THE DUTRA GROUP,<br><br>                v.<br><br>NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, WILLIAM B. COWEN, in his official capacity as the Acting General Counsel of the National Labor Relations Board, MARVIN E. KAPLAN, in his official capacity as the Chairman of the National Labor Relations Board, DAVID M. PROUTY, in his official capacity as Board Members of the National Labor Relations Board, JILL H. COFFMAN, in her official capacity as a Regional Director for the National Labor Relations Board, and JOHN DOE in his official capacity as an Administrative Law Judge of the National Labor Relations Board,<br><br>      Defendants. | Civil Action No. 1:25-cv-00090-MAC |

**PLAINTIFF THE DUTRA GROUP'S OPPOSITION TO DEFENDANTS' REQUEST FOR EXPEDITED CONSIDERATION OF THEIR MOTION FOR ABEYANCE AND FOR AN EXTENSION OF TIME IN THE ALTERNATIVE**

Defendants National Labor Relations Board *et al.* (collectively, "Defendants" or "NLRB") request that the Court give highly expedited consideration to their Motion for Abeyance and for an Extension of Time in the Alternative and "order that any opposition be due by Friday, March 7." (ECF 11., p. 4.) The NLRB filed their Motion for Abeyance at 1:30 p.m. on March 6, 2025—it literally provides less than a full business day for the Court to consider the request *and* for Dutra to respond to their entire Motion the same day.

Defendants' request should be denied because any urgency for consideration of the instant Motion is a pretense depriving Dutra of its right to seek a preliminary injunction. The sole reason

for the NLRB's request for expedited consideration of their Motion is to "facilitate a resolution of the present motion, which raises only straightforward scheduling issues, before the existing due date for [the NLRB] opposing the preliminary injunction motion passes."  (ECF 11, p. 4.)  However, the NLRB fails to address why this Court should deprive Dutra of its right to request a Preliminary Injunction and its right to a fair and full opportunity to respond.  Ironically, this is the type of procedural gamesmanship that occurs when officials and employees of the same agency serve as prosecutor, judge, and factfinder, as well as decisionmaker, under the NLRB's structure and procedures for its administrative proceedings.  Thankfully, Dutra has the ability to counter any improper exercise of power by the NLRB through injunctive relief that the NLRB now seeks to take away in this forum.

There is no need for expedited consideration of the NLRB's Motion for Abeyance because Dutra has already consented to an extension of the NLRB's deadline to respond to the preliminary injunction motion.  As Defendants acknowledge in their Motion, Dutra does not oppose a two-day extension of the present March 12 due date.  In fact, Dutra made several offers to avoid the need for any immediate motion practice in this case, including:

- consenting to up to a 1-week extension of time for the NLRB to file its opposition to Dutra's Motion for Preliminary Injunction if the same courtesy was extended to Dutra in the future if requested;

- proposing a briefing schedule for the parties' respective motions that was consistent with the timeframes for oppositions, replies, and sur-replies under the Court's Local Rules;

- suggesting the parties' jointly requesting a stay of the case for a couple weeks or a month to allow time to see if changes under President Trump's recently appointed Acting General Counsel for the NLRB might affect the underlying administrative proceeding;[1] and,

---

[1] In their Motion, the NLRB uses the terms "stay" and "abeyance" interchangeably while appearing to only be asking to hold the Plaintiff's Motion for Preliminary Injunction in abeyance.  If, however, the NLRB is requesting a stay of the case, including both parties' motions, Dutra would consent to a stay consistent with its prior offer to the NLRB. Additionally, it is worth noting that, a "stay" and "abeyance" refer to distinct concepts.  *See Nken v. Holder*, 556 U.S. 418, 426, 428-29 (2009) (describing abeyance as "'inherent,' preserved in the grant of authority to federal courts to 'issue all writs necessary or appropriate in aid of their

- asking if the NLRB would agree to an order for the underlying administrative proceeding to be stayed pending further order from the Court, and offering to stipulate that the NLRB can seek to have the order reconsidered if the case were transferred.

During the meet and confer on March 3, 2025, between the parties' counsel, and in their exchange of emails (which are attached hereto as Exhibit A), Dutra's counsel consistently took the position that engaging in motion practice at this time would require premature expenditure of time and resources by Plaintiff, the government, and the Court on motions which might be unnecessary. The fact that the NLRB refused to agree to these reasonable proposals by Dutra and chose to file its motion lays bare the motivation of depriving Dutra of its injunctive remedies until the NLRB can secure transfer to a jurisdiction that is more favorable to their position.

The NLRB astonishingly neglects to mention any of this in their Motion (or Certificate of Conference) and has apparently decided the best way to "conserve judicial and party resources" is to burden the Court with an unnecessary motion that they request be considered on an expedited basis.  Nevertheless, Defendants ask for relief from their own briefing deadline because "the NLRB's attorneys are engaged in other active litigation with pending deadlines," while simultaneously seeking to impose an absurdly short deadline on Dutra (not to mention the Court) of less than a business day.  It is impossible to take Defendants' justification for doing so seriously when Dutra already consented to an extension for the NLRB's current deadline.  If that was the true motivation, the only action required would be for Defendants to file a joint motion for an extension of current deadlines.  *See* Standing Order MC-7 Motion Practice ("A submission date may be extended, prior to the expiration of the submission period, by agreement of counsel except

---

respective jurisdictions and agreeable to the usages and principles of law,'" while describing stay as "supend[ing] judicial alteration of the status quo").  For clarity, Dutra uses "abeyance" in reference what it understand to be requested in Defendants' Motion.

3

when the extension violate a court-imposed deadline. Counsel should file a joint motion for an extension of time and attach an appropriate agreed order.").

Instead of agreeing to an arrangement that would have preserved all parties' rights and avoided court intervention while allowing the complete briefing of the issues, Defendants filed their Motion for Abeyance and used the pretext of requesting an extension of time in the alternative to improperly justify a request for inordinately expedited consideration of their entire Motion. This gambit is far from "rais[ing] only straightforward scheduling issues" because it is designed to rob Dutra of its right to injunctive relief. Obviously, Dutra strongly disagrees that the NLRB's Motion is merely a matter of routine scheduling. Rather, in their Motion, the NLRB seeks to restricting the Court's ability to consider Dutra's Motion for a Preliminary Injunction seeking protection from an unconstitutional administrative proceeding. In other words, the NLRB wants to keep the Court from reaching the same conclusion that courts in every other U.S. District Court of Texas have come to in granting similar motions for preliminary injunctions—under binding Supreme Court and Fifth Circuit precedent, an employer will suffer irreparable harm by the loss of constitutional protections if subject to an NLRB administrative proceeding. *See Energy Transfer, LP v. NLRB*, 742 F. Supp. 3d 755 (S.D. Tex. 2024); *Aunt Bertha v. NLRB*, No. 4:24-CV-00798-P, 2024 WL 4202383 (N.D. Tex. Sept. 16, 2024); *Space Expl. Techs. Corp. v. NLRB*, 741 F. Supp. 3d 630 (W.D. Tex. 2024); *Seton v. NLRB*, No. 1-24-CV-01176-ADA, 2024 WL 4678057 (W.D. Tex. Oct. 18, 2024).[2] The Court should preserve its ability to decide the parties' motions in the order it deems appropriate after the parties have a fair and full opportunity to brief their respective arguments. To

---

[2] No court in the Fifth Circuit has reached a different conclusion on a preliminary injunction motion against the NLRB. On February 5, 2025, the Fifth Circuit heard oral argument on the consolidated NLRB's appeals of the preliminary injunction orders in the *Energy Transfer*, *Aunt Bertha*, and *Space Exploration* cases. *See* 5th Circuit Case Numbers 24-40533, 24-10855, and 24-50627.

that end, the Court should deny the NLRB's instant Motion or should reciprocally expedite the preliminary injunction briefing as well.

Moreover, granting Defendants' request for expedited consideration of their Motion is highly prejudicial to and creates significant burdens for Dutra and its counsel. If granted, Dutra would have less than a business day to, in essence, respond to the NLRB's Motion to Transfer. Dutra will address the NLRB's transfer motion fully in its opposition once it has been afforded at least the fourteen days to respond under the Court's Local Rules, but it is bears noting that, as of this filing, Dutra and its counsel have barely had time to even read the transfer motion as all of Dutra's time and attention was required to respond to the NLRB's unnecessary expedited consideration request of the Motion for Abeyance. As Dutra will further outline in its opposition to the NLRB's Motion to Transfer, a substantial part of the events or omissions giving rise to this case occurred in the Eastern District of Texas, including, for instance, that the termination of boat operators of the Gracie Jean (which the NLRB alleges was a violation of the NLRA and seeks to remedy in the underlying administrative proceeding) occurred at Port Arthur, Texas, which is situated on the Sabine Lake and within this District and specifically this Division's venue. Further, the request for transfer is itself a meritless effort to delay this action and the preliminary injunction Dutra has requested to prevent the irreparable harm that it will suffer if subject to an unconstitutional NLRB administrative proceeding. This action exclusively involves constitutional claims that do not require live witness testimony or a trial, and there is no reason why litigating these issues of constitutional law would be more convenient in California or any other venue. In fact, the NLRB has thoroughly briefed the same constitutional issues in several cases before courts in the other U.S. District Courts of Texas and on appeals to the Fifth Circuit. Additionally, unlike Dutra, the NLRB has also briefed the transfer and venue issues extensively including on appeal to

the Fifth Circuit as well. Addressing the transfer motion is likely to require considerably more time and resources of the parties and the Court than the Motion for Preliminary Injunction. Counsel for Dutra anticipates that it will submit declaratory evidence in support of its opposition to the transfer motion, which will take time to gather. Indeed, the possibility that the parties might need to engage in discovery to resolve the issue of venue was raised by counsel for the NLRB during the parties' March 3 meet-and-confer video conference. The NLRB, however, looks to circumvent standard procedure in federal courts and instead operate as if this case is one of its administrative proceedings that gives Dutra no right to fair procedures and processes. This is precisely why this Court should preserve Dutra's right.

For all these reasons and those detailed below, the Court should deny Defendants' request for expedited consideration of their Motion for Abeyance or deny the Motion entirely, or, alternatively, order a similarly expedited briefing schedule for Dutra's Motion for Preliminary Injunction.

## **ARGUMENT**

**A.     This Court Need Not And Should Not Resolve Defendants' Transfer Motion Before Dutra's Preliminary Injunction Motion.**

While Defendants claim that expeditiously resolving their transfer motion would promote judicial efficiency and conserve resources, as detailed above, that is not their true motives for seeking expedited consideration of the NLRB's Motion for Abeyance. Moreover, courts often determine motions for preliminary injunctions before ruling on motions to transfer, or at the same time. *See, e.g.*, *Polymer80, Inc. v. Garland*, No. 4:23-CV-00029-O, 2023 WL 3605430, at *1, *5 (N.D. Tex. Mar. 19, 2023) (granting preliminary injunction and reserving ruling on government's venue motion "[b]ecause [venue] is not a jurisdictional issue relating to this Court's power to adjudicate the [preliminary injunction] motion"); *S. Visions, LLP v. Red Diamond, Inc.*, No. 1:18-

CV-04566-ELR, 2018 WL 8221528, at *5-8 (N.D. Ga. Dec. 10, 2018) (granting motion to transfer venue while simultaneously addressing the fully briefed preliminary injunction motion); *C & A Plus, Inc. v. Pride Sols., LLC*, No. CIV. A3-02-118, 2003 WL 25278133, at *9 (D.N.D. Feb. 7, 2003) (granting motion for preliminary injunction before granting defendant's request for transfer); *Get In Shape Franchise, Inc. v. TFL Fishers, LLC*, 167 F. Supp. 3d 173, 207 (D. Mass. 2016) (same).

Defendants' cherry picking of a single line from the Fifth Circuit's recent holding in *Space Exploration Technologies, Corporation v. NLRB*, No. 24-40315, 2025 WL 703687 (5th Cir. Mar. 5, 2025) is misguided. In fact, if that case's procedural history is thoughtfully considered, it supports denying the NLRB's Motion for Abeyance. While Dutra will be able to fully outline the complex procedural history of that *Space Exploration* case in its opposition brief to the NLRB's Motion to Transfer, it is worth noting that SpaceX's preliminary injunction motion was filed after the NLRB's transfer motion. *Id.* at *1. The Fifth Circuit dismissed SpaceX's appeal for lack of subject-matter jurisdiction, rejecting the argument that the district court effectively denied its motion for a preliminary injunction because the court failed to rule on the motion before the start of the underlying NLRB administrative proceeding. *Id.* at *4. In rejecting SpaceX's argument, the Fifth Circuit is clear that "[d]istrict courts have wide discretion in managing their docket" and notes that SpaceX's argument ignored its repeated attempts to challenge the district court's transfer decision. *Id.* at *3. The court goes on to explain that district courts are *permitted*—not required— to resolve forum issues before resolving other threshold objections. *Id.* In response to SpaceX's suggestion that the district court was unreasonable in failing to resolve its motion for preliminary injunction before transferring the case, the court then states that the "'disposition of [a transfer

motion] should [take] a top priority' in handling a case." *Id.*[3] The NLRB singularly plucks this quote from the Fifth Circuit's decision and takes it out of the context of that case's complex procedural history to support its Motion for Abeyance here. (ECF 11, pp. 1, 3.)

The instant Motion more closely resembles *Polymer80*, in which the federal government similarly asserted that venue was improper under 28 U.S.C. § 1391(e)(1) and asked the court to fast-track the government's venue challenge ahead of the plaintiff's request for a temporary restraining order and preliminary injunction. The court denied the government's motion to expedite because "the motion to dismiss or transfer identified no emergency and did not challenge anything running to the merits of the case or ability to hear it, such as the Court's subject matter jurisdiction." *Polymer80*, 2023 WL 3605430, at *3. "[U]nlike Plaintiff's demonstrated need for emergency relief"—the alleged violations of its constitutional rights—"the Government 'offered no equivalent existential reason why the Court should consider its venue motion on an expedited basis." *Id.* at *5. There, as here, the government denied that "the events giving rise to the instant lawsuit that occurred within this district [were] substantial enough." *Id.* (emphasis omitted). But the court still rejected the government's contention that the venue dispute needed to be resolved first, finding that the "question requires further analysis that need not be rushed to the top of the Court's docket" because it did not "not implicate the Court's jurisdictional authority." *Id.* (emphasis omitted) (citing *Bywaters v. United States*, 196 F.R.D. 458, 464 (E.D. Tex. 2000) ("Venue does not relate to the power to adjudicate, but to the place where that power is to be

---

[3] The Fifth Circuit quotes *In re Horseshoe Entertainment*, 337 F.3d 429 (5th Cir. 2003), which is also distinguishable. There, the Fifth Circuit notes that the motion to transfer filed in that case "should have taken top priority" in the district court's handling of the case after the court "waited some 13 months . . . to rule on Horseshoe's motion to transfer." *Id.* at 433. That, of course, is not the case here. Additionally, *In re Horseshoe* did not involve a preliminary injunction seeking to prevent irreparable harm from an unconstitutional government proceeding.

8

exercised and 'is a concept oriented around the convenience of the litigants and the court system.'")).

Here, neither the Motion for Abeyance nor the Motion to Transfer identifies any venue-related emergency warranting expedited or preferential consideration. (*See generally* ECF 11; ECF 12.) Defendants' sole basis for the expedited consideration of their Motion for Abeyance is to provide relief from the present due date for the NLRB's opposition to the preliminary injunction motion. As detailed above, that is a false urgency of the NLRB's own creation which can be readily avoided by the NLRB simply accepting the up to 1-week extension (or several other options) that Dutra offered. Moreover, the NLRB professes to seek preferential consideration of their Motion to Transfer to preserve judicial and party resources in allowing the transfer motion to be decided before the preliminary injunction motion. (*See* ECF. 11 at 3-4.) That is the same argument that *Polymer80* rejected. And here, that argument is particularly disingenuous and misguided for the reasons discussed above. Additionally, Dutra initially filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction because of an imminent deposition in the underlying NLRB proceeding. (ECF 2.) But Dutra made good faith efforts to avoid the need to rush into court if it could be avoided. When those efforts were successful after Dutra had already filed, it appropriately supplemented its motion to notify the Court that the urgency for filing on an emergency basis and seeking a temporary restraining order had been removed. (ECF 7.) The NLRB's approach to their Motion for Abeyance and request for expedited consideration stands in stark contrast to Dutra's actions in good faith.

In short, the purported rationale for the instant Motion is insincere. If anything, efficiency and judicial economy favor completing the preliminary injunction proceedings in this Court before any proposed transfer, rather than transferring this action to a wholly new court during the middle

of briefing on the preliminary injunction motion. *See S. Visions*, 2018 WL 8221528, at *5 ("[I]n the interest of justice and judicial economy, the Court rules on the pending preliminary injunction[.]"). Defendants' sudden rush, without any accommodation for the Court's schedule, or the burden and prejudice to Dutra and its counsel, is entirely unjustified and unnecessary.

**B.     Expedited Briefing On The Transfer Motion Would Be Highly Prejudicial To Dutra.**

To make matters worse, holding Dutra's Motion for Preliminary Injunction in abeyance while expediting briefing and consideration on NLRB's Motion to Transfer would be highly prejudicial to Dutra. Dutra disagrees with NLRB's rudimentary claim that "[t]he venue questions are routine and likely to be resolved by the Court in short order." (ECF 11, p. 4.) Indeed, venue-specific discovery—which will take significant time—may be appropriate here. Courts have broad discretion regarding whether to order venue-specific discovery. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, n.13 (1978). Venue-specific discovery is proper where the plaintiff—here, Dutra—has "at least a good faith belief that such discovery will enable it to show [that venue is proper in this District]." *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1090 (D.C. Cir. 1998)). Additionally, counsel for Dutra anticipates that it will submit declaratory evidence in support of its opposition to the transfer motion to substantiate the Complaint's venue-related allegations. Defendants' instant Motion, especially because it seeks expedited consideration, significantly increases the difficulty of gathering such evidence. In similar circumstances, courts have found it unfair to expedite briefing. *See, e.g.*, *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, No. 2:21-CV-00034-JRG, 2021 WL 8441748, at *2 (E.D. Tex. Dec. 22, 2021) (denying motion to expedite briefing as "unfair and inappropriate" where "Defendants' proposed schedule is unrealistic and would unduly prejudice [Plaintiff] by giving it less than a week to respond to the Motion to Dismiss, all while preparing for a trial upon the doorstep").

Rather than engage in venue-specific discovery, the NLRB is attempting to move forward as if this case is an administrative proceeding without judicial constraint or supervision. However,

this case is before the Court, and NLRB cannot circumvent the applicable rules and procedure. If anything, Defendants' instant Motion only highlights the NLRB's expectation that procedures will be slanted in their favor and the NLRB's tendency to overreach.

### C. In The Alternative, This Court Should Also Expedite The Preliminary Injunction Briefing If This Court Grants Expedited Consideration Of The Motion For Abeyance.

Finally, if this Court is inclined to accelerate the briefing on any of the NLRB's motions, it should also expedite the preliminary injunction motion according to a comparable schedule. As Dutra's opposition to the transfer motion will show, the arguments and evidence involved in the preliminary injunction motion are intertwined with the transfer issue. For example, Defendants' transfer motion makes explicit assumptions about the witness testimony relevant to the preliminary injunction motion (*see* ECF 12, p. 13), but there is no basis for such assumptions, particularly before that issue is briefed. Accordingly, Defendants' proposed two-track schedule for the motions would leave this Court to decide the transfer motion based on incomplete information. While Defendants should not be heard to complain about time pressure that is of their own making, the appropriate way to address such concerns would be to accelerate the briefing of both the transfer and preliminary injunction motions. That approach would ensure that this Court has a full understanding of the scope of this case and full information on the issues relevant to the alleged propriety of transfer.

### CONCLUSION

For the foregoing reasons, this Court should deny the NLRB's request for expedited consideration of their Motion for Abeyance or deny the Motion entirely. If the Court is not inclined to deny the Motion for Abeyance entirely, Dutra requests fourteen days to respond in opposition pursuant to the Court's Local Rules. In the alternative, should this Court grant expedited consideration of the Motion, this Court should issue reciprocal expedited briefing on the motion for preliminary injunction.

Dated:   March 7, 2025
         Houston, Texas

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Audrey F. Momanaee*

Audrey F. Momanaee, *Attorney-in-Charge*
Texas Bar No. 24055993
717 Texas Avenue, Suite 1400
Houston, TX 77002
Tel. 713-632-8613
Fax: 713-383-6101
Email: audrey.momanaee@blankrome.com

Andrew I. Herman, Esquire
Pennsylvania Bar No. 317094
(admitted *pro hac vice*)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Tel. 215-569-5574
Fax. 215-832-5822
Email: andrew.herman@blankrome.com

**Clark Hill PLC**
David Earl James
2615 Calder Avenue, Suite 240
Beaumont, TX 77702
Tel. 409-351-3802
Fax: 409-351-3883
Email: djames@clarkhill.com

**Attorneys for Plaintiff The Dutra Group**

## **CERTIFICATE OF SERVICE**

 I certify that a true and correct copy of the foregoing has been served upon all counsel of record via CM/ECF on this 7th day of March 2025, in accordance with the Federal Rules of Civil Procedure.

              */s/ Audrey F. Momanaee*
              Audrey F. Momanaee